The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Audrey Renee DIAZ, Defendant-Appellant.

No. 79CA0565.

Colorado Court of Appeals, Div. I.

Dec. 17, 1981.

Rehearing Denied Jan. 14, 1982.

Certiorari Denied March 29, 1982.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Robert C. Lehnert, Asst. Attys. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colo. State Public Defender, Thomas M. Van Cleave, III, Deputy State Public Defender, Denver, for defendant-appellant.

COYTE, Judge.

Defendant appeals the jury verdict finding her guilty of reckless manslaughter. We reverse.

The evidence reveals that the defendant accepted a ride home from a bar with the decedent after they had met for the first time that evening. Defendant testified that when they reached her apartment the deceased refused to let her out of the car and told her that she had better "go to the park" with him or she would get hurt. The defendant shot the decedent three times during the course of this altercation. Defendant's theory of defense was self-defense. Following extensive testimony the court submitted instructions and verdict forms to the jury on second degree murder, passionate manslaughter, reckless manslaughter, and criminally negligent homicide. The jury convicted the defendant of reckless manslaughter.

Defendant contends that the trial court erred in allowing the district attorney to elicit from the defendant on cross-examination, testimony regarding her sexual conduct on the afternoon preceding the shooting of the deceased. We agree.

Once the defendant took the stand, her credibility was subject to impeachment to the same extent as any other witness. *People v. Neal*, 181 Colo. 341, 509 P.2d 598 (1973); *People v. Lambert*, 40 Colo.App. 84, 572 P.2d 847 (1977). However, when impeaching a witness the relevancy of the impeaching evidence must be clear, must not raise collateral issues, and must be directed only at the witness' credibility, and not at the witness' moral character. *People v. Taylor*, 190 Colo. 210, 545 P.2d 703 (1976).

Here, the evidence adduced as to defendant's sexual conduct in the afternoon preceding the offense was irrelevant to either the offense she was charged with or her plea of self-defense. *See Johnson v. People*, 171 Colo. 505, 468 P.2d 745 (1970). The

evidence was collateral to the extent that the cross-examiner could not have inquired into her conduct that afternoon as part of his case. *See Bishop v. People*, 165 Colo. 423, 439 P.2d 342 (1968). Furthermore, as the witness had neither admitted nor denied any sexual activity that afternoon, the purpose of introducing evidence of her sexual conduct could not have been to point out inconsistencies in her testimony. The effect of this testimony could only have been to show that the defendant engaged in casual sexual encounters in spite of her professed love for her boyfriend. Forcing the defendant to testify in this manner amounted to an attack on her moral character, which under these circumstances, is not permitted. *See People v. Couch*, 179 Colo. 324, 500 P.2d 967 (1972).

Although the scope of the cross-examination is within the trial court's discretion, its decision will be reversed on appeal if that discretion is abused. *See People v. Henderson*, 38 Colo.App. 308, 559 P.2d 1108 (1977). Here, any possible relevance the evidence might have had was outweighed by its prejudicial effect on the jury, and its admission constituted reversible error.

Since there must be a retrial in this case, we will address defendant's other contention or error.

■ Defendant contends that the trial court erred in not allowing an expert witness to give an opinion on an ultimate fact, namely, defendant's state of mind at the time of the offense. We agree.

Case law in effect at the time of trial did allow experts to give an opinion in first degree murder cases as to the state of mind of the accused at the time of the crime. *See, e.g., Becksted v. People*, 133 Colo. 72, 292 P.2d 189 (1956). Accordingly, the trial court was overly restrictive in its interpretation of the law.

■ Furthermore, since the case will now be retried under the Colorado Rules of Evidence, the disposition of this issue will be governed by Colorado Rules of Evidence 704. Under this rule, an opinion otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact. *People v. Martinez*, Colo. App., 608 P.2d 359 (1980).

■ Hypnosis has not been accepted as a reliable basis for such an opinion. *See, e.g., Greenfield v. Robinson*, 413 F.Supp. 1113 (W.D.Va.1976); *Minnesota v. Mack*, Minn., 292 N.W.2d 764 (1980). *See also McCormick on Evidence*, § 208 (E. Cleary 2d ed. 1972); Diamond, *Inherent Problems in the Use of Pre-Trial Hypnosis on a Prospective Witness*, 68 *Calif.L.Rev.* 313 (1980). If polygraph tests are *per se* excluded from evidence, surely evidence gained from hypnotic trance should also be excluded. *See People v. Reynolds*, Colo., 638 P.2d 43 (Announced Nov. 30, 1981, No. 80SC21). *See also California v. Blair*, 89 Cal.App.3d 563, 152 Cal. Rptr. 646 (1979). On retrial, the psychiatrist should not be permitted to testify as to the mental state of the defendant if his opinion is based on information gained through hypnosis.

■ Defendant last contends that the trial court erred in submitting to the jury an instruction and verdict form on the offense of reckless manslaughter because there was no evidence to support a verdict of guilty on that charge. We disagree.

A court has a duty to instruct the jury on every issue presented whether requested to do so or not. *People v. Mackey*, 185 Colo. 24, 521 P.2d 910 (1974). Here, the lesser included offense of reckless manslaughter had some support in the record, as evidence was presented from which the jury could conclude that the defendant could have recklessly fired the gun. The trial court thus was correct in instructing the jury on that charge.

The judgment is reversed and the cause is remanded for new trial.

PIERCE and TURSI, JJ., concur.