The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Steven Michael ANGELINI, Defendant-Appellant.

No. 79CA0723.

Colorado Court of Appeals, Div. III.

April 1, 1982.

Rehearings Denied April 29, 1982.

Certiorari Denied June 28 and Aug. 3, 1982.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., John Daniel Dailey, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, State Public Defender, Margaret L. O'Leary, Gerald E. Piper, Deputy State Public Defenders, Denver, for defendant-appellant.

PIERCE, Judge.

Defendant appeals his convictions of first degree kidnapping, first degree sexual assault, aggravated robbery, felony murder, crime of violence, and conspiracy to commit the crimes of kidnapping, sexual assault, and aggravated robbery. We reverse and remand for a new trial.

Loni Badgett, originally a co-defendant, was given certain concessions and testified at trial for the prosecution as the sole eyewitness. Prior to testifying, however, Badgett was hypnotized on two separate occasions by the district attorney. The district attorney's training was limited to four institutional classes on hypnotism.

The first session involving hypnosis of Badgett occurred the night before Badgett testified, ostensibly to clarify Badgett's confused and contradictory answers. Only a portion of that session, however, was tape-recorded. The second hypnotic session occurred on the morning Badgett testified. No record was kept of this session.

At the hearing on motion for new trial, defendant's trial attorneys testified that they were unaware of the hypnotism until the prosecution had completed its direct examination of Badgett, and that at that point in the trial, a defense investigator discovered that Badgett had been hypnotized the night before, and informed the

defendant's attorneys. Although the defense entered no objection before the jury, a defense attorney did inform the trial court in chambers of his discovery. The district attorney then acknowledged that he had hypnotized Badgett the night before.

During cross-examination, Badgett also disclosed that he had been *interviewed* by the prosecution that morning. The defense at that time requested any tape recordings made of either of the two interviews. But the fact that Badgett had been *hypnotized* the morning he testified was not disclosed to the defense until several months after trial. Defendant then filed another motion for new trial based on this newly discovered information. At the hearing on this motion, there was testimony that being subjected to hypnotism could affect the credibility of a witness.

The principal allegation of error made by defendant is that the trial court erred in denying his motion for new trial because the trial court invoked too rigid a standard of materiality as to the non-disclosed hypnotic session. We agree with defendant.

■ The suppression of material evidence relative to guilt or innocence upon request is a denial of due process. *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). "When the 'reliability of a witness may well be determinative of guilt or innocence,' nondisclosure of evidence affecting credibility falls within this general rule." *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). The standard of materiality that nondisclosed evidence or information must satisfy in order to warrant a new trial under the *Brady* rule has been held to vary in three different situations. *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976); *People v. Roblas*, 193 Colo. 496, 568 P.2d 57 (1977).

■ The first fact situation enumerated in *Agurs* is not pertinent to the present case. The second situation arises where there is an intentional suppression of evidence by the prosecution after the defense has requested specific information. In this situation, the materiality standard becomes one of whether the suppressed evidence or information might have affected the outcome of the trial. The trial court deemed applicable the third situation which arises when there is non-disclosure by the prosecution after a general request for all *Brady* material or when no request at all has been made by the defense. The standard to be applied is whether the non-disclosed evidence, evaluated in the context of the entire record, may so affect the credibility of a material witness as to create a reasonable doubt that might not otherwise exist. *Agurs, supra.*

■ The facts of this case dictate that the second situation, as set forth in *Agurs* should have been chosen. The prosecution failed to disclose that Badgett had been hypnotized the morning he testified, after the defense specifically requested the tapes of either interview. The defense was as specific as it could have been, given the fact it was unaware of the second hypnotic session. The request for the tapes gave the prosecution notice that the defense was concerned about the nature of both sessions. Therefore, that request was sufficiently specific to make the applicable test whether the undisclosed evidence might have affected the trial's outcome. This was followed by testimony, on motion for new trial, that the testimony might be unreliable.

■ Since Badgett's unreliability as a key prosecution witness, both as a participant and the only eyewitness, could have been challenged by the defendant because he had been hypnotized, the failure to disclose this fact might well have affected the outcome of the trial. Hence, a new trial is required. *See United States v. Miller*, 411 F.2d 825 (2d Cir. 1969); *Emmetts v. Ricketts*, 397 F.Supp. 1025 (N.D.Ga.1975); *see generally United States v. Adams*, 581 F.2d 193 (9th Cir. 1978), *cert. denied*, 439 U.S. 1006, 99 S.Ct. 621, 58 L.Ed.2d 683 (1979) (approved in dicta).

While we note that this court has already disapproved of opinion testimony based on a witness' statements while under hypnosis, *People v. Diaz*, Colo.App., 644 P.2d 71

(1981), we make no ruling as to whether hypnosis may be used at any time in the preparation of a case or at trial. Such issues are not before us in the instant case because they were not raised by motion for new trial.

The judgment is reversed and the cause is remanded for a new trial.

SMITH and KIRSHBAUM, JJ., concur.