**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Steven Michael ANGELINI, Defendant-Appellant.**

**No. 83CA0389.**

Colorado Court of Appeals, Div. II.

July 18, 1985.

Rehearing Denied Aug. 29, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Daniel Dailey, First Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Diana L. DeGette, Sp. Deputy State Public Defender, Coghill & Goodspeed, P.C., Denver, for defendant-appellant.

BERMAN, Judge.

Defendant, Steven Angelini, appeals the judgments of conviction entered pursuant to a jury verdict finding him guilty of first degree kidnapping, first degree sexual assault, aggravated robbery, felony murder, crime of violence, and conspiracy to commit the crimes of kidnapping, sexual assault, and aggravated robbery. We affirm the judgments of conviction except as to the crime of first degree sexual assault and remand the cause for issuance of an amended judgment of conviction, sentence, and mittimus.

Lonnie Keith Badgett, originally a co-defendant, entered a plea bargain with the district attorney. In exchange for his testimony as the prosecution's eyewitness against the defendant, Badgett was allowed to plead guilty to sexual assault and conspiracy to commit kidnapping. Prior to testifying, Badgett was hypnotized on two occasions by the district attorney. As a result of the prosecution's failure to inform the defense of the second hypnotic session conducted the morning before the initial trial, this court reversed defendant's conviction and remanded the cause for a new trial. *People v. Angelini,* 649 P.2d 341 (Colo.App.1982). It is from the judgment entered following the second trial that defendant now appeals.

I.

Defendant contends that the standards established by *People v. Quintanar,* 659 P.2d 710 (Colo.App.1982) do not adequately protect defendants' constitutional confrontation rights and argues that the trial court's ruling allowing Badgett to testify following hypnosis deprived defendant of his right to cross-examination. Therefore,

**4**

defendant asks that we reconsider *Quintanar* and hold that previously hypnotized witnesses are *per se* incompetent to testify about pre or posthypnotic recollections. Alternatively, defendant asserts that, even under *Quintanar*, Badgett's prehypnotic statements should not have been admitted by the trial court.

■ In *People v. Quintanar, supra*, this court held that the testimony of a witness who has been questioned under hypnosis is *per se* inadmissible as to his recollections from the time of the hypnotic session forward. We concluded, however, that the witness is not incompetent to testify to prehypnotic statements that have been previously disclosed and recorded by tape recording, video tape, or written statement.

In rendering the opinion in *Quintanar*, this court carefully considered the different alternatives and potential problems regarding the use of testimony from witnesses whose memories have been hypnotically refreshed. We have no inclination to reconsider *Quintanar* here, especially since both parties agree that the substance of Badgett's testimony was generally the same before and after hypnosis.

Defendant argues, in the alternative, that even if we apply the *Quintanar* standard, Badgett's testimony was inadmissible because the police reports relied upon were an inadequate record of Badgett's prehypnosis recollections. We disagree.

■ The list set forth in *Quintanar*, noting that a witness is not incompetent to testify to prehypnotic statements that have been previously unequivocally disclosed and recorded by tape recording, video tape, or written statement, was not meant to be exhaustive. Rather, the important consideration is whether there is an accurate record of the prehypnotic recollection which helps to ensure its reliability. *See People v. Quintanar, supra*.

Here, within 24 hours after the crimes were committed, Badgett spoke with officers from the Colorado Springs Police Department and detectives from the El Paso County Sheriff's Department. Written police reports containing a record of Badgett's statements were made. The fact that there was not a written statement or a written acknowledgment as to the accuracy of the police reports by Badgett does not require us to suppress his testimony at trial.

■ Badgett's testimony did not include any facts which were disclosed for the first time during the hypnotic process. Furthermore, although there were a few minor variations in Badgett's testimony, his statements were substantially corroborated by the written police reports which had been made prior to hypnosis. Therefore, we conclude that the written police reports were sufficient to satisfy the requirements set forth in *Quintanar* and hold that the trial court properly allowed Badgett to testify as to those matters which had been disclosed before he was hypnotized.

## II.

■ Defendant next contends that the trial court erred in entering separate judgments of conviction and sentences for first degree felony murder, first degree sexual assault, aggravated robbery, and first degree kidnapping. Based upon the holding in *Callis v. People*, 692 P.2d 1045 (Colo. 1984), we conclude that the crime of first degree sexual assault, being the felony most directly responsible for the death of the victim, was a statutory lesser included offense of felony murder, and thus, separate judgments of conviction and sentences for the two offenses of first degree sexual assault and felony murder are prohibited by § 18-1-408(1), C.R.S. (1978 Repl.Vol. 8). However, because the crimes of first degree kidnapping and aggravated robbery are not included in the greater offense of felony murder, the judgments of conviction for these crimes may exist independently of the felony murder conviction. *Callis v. People, supra; see People v. Bartowsheski*, 661 P.2d 235 (Colo.1983).

Accordingly, the judgments of conviction and the sentences imposed for the crimes of felony murder, aggravated robbery, and first degree kidnapping are affirmed. The judgment of conviction and sentence for first degree sexual assault is reversed, and the cause is remanded with directions to issue an amended judgment of conviction, sentence, and mittimus consistent with this opinion.

VAN CISE and KELLY, JJ., concur.