**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Martin MORENO, Defendant-Appellant.**

**No. 85CA0450.**

Colorado Court of Appeals, Div. III.

March 5, 1987.

Rehearing Denied March 26, 1987.

Certiorari Denied (Moreno) June 29, 1987.

---

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Patricia Hummons Clark, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Claire Levy, Jonathan Willett, Deputy State Public Defenders, Denver, for defendant-appellant.

VAN CISE, Judge.

Defendant, Martin Moreno, appeals a judgment of conviction entered upon a jury

verdict of guilty of second degree sexual assault committed in November 1983. He does not deny that he had sexual relations with the victim; his defense was consent. He claims the trial court committed reversible error in applying § 18-3-407, C.R.S. (1986 Repl.Vol. 8B) (the "rape shield statute") to exclude evidence he maintains was relevant to that defense. We disagree, and affirm the judgment.

Under that statute, reputation evidence of a victim's sexual conduct is presumed to be irrelevant. In order for such evidence to be admitted at trial:

"(a) A written motion shall be made ... stating that the moving party has an offer of proof of the relevancy and materiality of ... reputation evidence of the victim's sexual conduct....

"(b) The written motion shall be accompanied by an affidavit in which the offer of proof shall be stated.

"(c) *If the court finds that the offer of proof is sufficient,* the court shall ... set a hearing to be held in camera prior to trial ... [and] ... shall allow ... a full presentation of the offer of proof including, but not limited to, the presentation of witnesses.

. . . .

"(e) At the conclusion of the hearing, if the court finds that the evidence proposed to be offered regarding the sexual conduct of the victim is relevant to a material issue to the case, the court shall order that evidence may be introduced and prescribe the nature of the evidence or questions to be permitted ..." (emphasis supplied)

On the morning of the trial, defense counsel filed a motion requesting an evidentiary hearing in which he proposed to present reputation evidence of the victim's sexual conduct so that the court could rule on its admissibility. As his offer of proof, he submitted his own affidavit attesting that he or his investigator had interviewed certain named persons "and several other witnesses who would be willing to testify that they knew [the victim], they are familiar with her reputation in regard to sexual conduct, and that [she] is well known as being promiscuous, as being willing to sleep with men on the first date, and as

someone who will actively pursue sexual encounters with men."

At a hearing on this motion, the trial court allowed defense counsel to state again what the witnesses would say if allowed to testify, and to argue for admission of the offered testimony. It then denied the motion, holding that the proffered evidence violated the rape shield statute, that there was no showing by defendant of any applicable exception to that statute, and, in effect, that it was irrelevant to any material issue in the case.

Defendant contends that the trial court's exclusion of the proffered evidence on the basis of his offer of proof and without an *in camera* evidentiary hearing was error. He argues that the offered evidence of the victim's reputation for sexual conduct would have been relevant because it would have shown defendant's state of mind at the time of the assault, his lack of intent to commit the crime, and his perception that the victim had consented to his advances. We disagree.

Defendant's offer of proof consisted only of his attorney stating that in his opinion the victim's prior sexual conduct was relevant and setting forth who the witnesses were and what they would say as to her reputation. There is no indication that *defendant* knew anything about the victim's reputation or prior sexual conduct. Therefore, there was nothing offered from which the trial court could find that the evidence was relevant to defendant's state of mind, his lack of intent, or his perception that the victim had consented to *his* advances.

In *People v. McKenna,* 196 Colo. 367, 585 P.2d 275 (1978), the supreme court, in upholding the constitutionality of the rape shield statute, stated:

"Prior to the enactment of this statute, defense counsel in a rape case was accorded wide latitude in cross-examining the prosecutrix. Since her credibility was placed in issue when she testified, her prior sexual conduct was considered admissible to undermine her credibility.... Moreover, where consent was a defense, as it frequently was, it was thought that the fact that she had consented to sexual relations with others on

**868**

other occasions might justify a factfinder in concluding that she probably had consented to the sexual act giving rise to the prosecution.... Little or no analysis was applied to attempting to discern whether her sexual habits actually had any logical connection with her credibility or whether her prior consent to intercourse with another at a different time had any logical bearing on whether she had consented to sexual relations with the particular man on trial at the time charged.

"As critical thought and analysis have been brought to bear on these issues, it has become apparent that in many instances a rape victim's past sexual conduct may have no bearing at all on either her credibility or the issue of consent. In fact in many cases, cross-examination probing her sexual history has served only to put her on trial instead of the defendant."

Thus, "absent circumstances which enhance its probative value, evidence of a rape victim's unchastity, whether in the form of testimony concerning her general reputation or direct or cross-examination testimony concerning specific acts with persons other than the defendant, is ordinarily insufficiently probative either of her general credibility as a witness or of her consent to intercourse with the defendant on the particular occasion charged to outweigh its highly prejudicial effect." *United States v. Kasto,* 584 F.2d 268 (8th Cir.1978). *See also State ex rel. Pope v. Superior Court,* 113 Ariz. 22, 545 P.2d 946 (1976); *State v. Geer,* 13 Wash.App. 71, 533 P.2d 389 (1975).

Here, the trial court's determination that the testimony offered was irrelevant was correct, and accordingly, that ruling will not be reversed on appeal. *See People v. Lowe,* 660 P.2d 1261 (Colo.1983).

Judgment affirmed.

BABCOCK and METZGER, JJ., concur.