688 P.2d 209

**The STATE of Arizona, Appellee,**

v.

**Lloyd Robert HUTCHINSON, Appellant.**

**No. 2 CA–CR 3251.**

Court of Appeals of Arizona, Division 2.

June 12, 1984.

Review Denied Sept. 25, 1984.

Robert K. Corbin, Atty. Gen., by Bruce M. Ferg, Tucson, for appellee.

Frederic J. Dardis, Pima County Public Defender by Lawrence H. Fleischman, Tucson, for appellant.

## OPINION

BIRDSALL, Chief Judge.

The appellant was found guilty by a jury of two counts of sexual assault (rape) and kidnapping. He was sentenced to concurrent terms of seven years on each of the three crimes.

On appeal he contends that the trial court committed reversible error in:

1) Precluding evidence of an alleged unsubstantiated rape charge made by the victim some six years earlier, and

2) Admitting alleged hearsay of a statement the victim made to a police officer.

A statement of the facts is necessary to our discussion of these issues. We relate the evidence in the context most favorable to sustaining the conviction.

The victim had been drinking and had a fight with her boyfriend the night of September 1, 1982, and walked some seven miles to a downtown Tucson church to pray. After spending some time in the church, she was walking back home late that night when the appellant stopped his car and asked her if she wanted a ride. The appellant asked her if she was a prostitute, and she indicated that she was not. The appellant then forced her head down on the seat of his vehicle. There was no door handle on the passenger side of the vehicle and escape was impossible. The appellant then drove to a pest control office where he worked, ordered her to take off her clothes, forced her to perform fellatio and then had sexual intercourse with her. At one point he stopped his activities and left the room. Shortly thereafter, as intercourse was about to resume, she grabbed her clothes and ran from the building.

She ran until she found a phone booth on Broadway near downtown, and called the operator asking for the police. The appel-

lant drove up in his car at that time, asked her whether she wanted her purse and shoes which she had left in the office, and then left the items on a bench after she ordered him to leave. The victim gave the license number of the car to the operator as she waited for the police to arrive.

The appellant was soon stopped by police and identified by the victim. She also eventually helped police locate the building where she claimed the rape occurred, and also stated that the appellant took $20.00 from her purse. The victim's detailed descriptions of the car and building were accurate.

The appellant denied being with the victim. He testified that he had decided to get something to eat about midnight on the evening in question, and saw a woman at a pay phone who screamed at him to leave her alone. According to him, the purse and shoes were lying nearby and all he wished to do was ascertain if they belonged to her. He testified that he left when she kept screaming at him.

### The Prior Charge

The appellant moved prior to trial to permit evidence of an alleged unsubstantiated rape charge made by the victim some six years prior to the incidents involved in the instant case. A written offer of proof was made consisting of the following:

The alleged victim in the instant cause reported to the police that she had been raped on March 15, 1976. A complaint was filed in Pima County Justice Court, No. 2–38672, on March 30, 1976.

On April 8, 1976, the complaint was dismissed at the preliminary hearing as there was no probable cause to bind the defendant over to Superior Court.

Evidence pertaining to the victim's prior reported rape should be allowed in the instant cause to show she has made unsubstantiated charges of rape in the past.

The court refused to allow any evidence concerning the matter. Later, during trial, the appellant produced a copy of the docket

sheet from the Pima County Justice Court. This showed the complaint filed March 30, 1976, and a preliminary hearing set for April 8. The entry on that date read: "Complaint dismissed. No probable cause to bind defendant over to Superior Court."

We must decide if the court's refusal to allow this evidence was error. We look first to the seminal Arizona decision, *State ex rel. Pope v. Superior Court*, 113 Ariz. 22, 545 P.2d 946 (1976) which contains the following statement in its discussion of the admissibility of evidence of the previous unchastity of a rape victim:

> ... evidence concerning unchastity [of an alleged rape victim] would be admissible in conjunction with an effort by the defense to show that the complaining witness has made unsubstantiated charges of rape in the past. 113 Ariz. at 29, 545 P.2d 946.

While *Pope* did not deal with the specific issue at bar and although the above-quoted language is somewhat imprecise, the clear indication is that a defendant is permitted to establish that a prosecutrix has made prior unsubstantiated claims of rape in the past.

No other Arizona decision discusses the admissibility of an unsubstantiated rape charge. Both parties have cited several decisions from our sister states. These cases reach different results.

In *State v. Baron*, 58 N.C.App. 150, 292 S.E.2d 741 (1982), the complainant, the daughter of the defendant, had falsely accused others of improper sexual advances in the past. The court held that, despite the existence of North Carolina's "rape victim shield" statute, this evidence was admissible since it went to the issue of the complainant's veracity and was thus proper impeachment.

And in *People v. McClure*, 42 Ill.App.3d 952, 1 Ill.Dec. 617, 356 N.E.2d 899 (1976), the court held that evidence from a third person that seven years before the prosecutrix had falsely accused him of rape when he refused to pay for sexual intercourse should have been admitted, since it established a predilection on the complainant's

part to charge men with rape under certain conditions.

In *State v. Caswell*, 320 N.W.2d 417 (Minn.1982), the court, although finding harmless error, held that due process was violated when the trial court precluded evidence that the alleged rape victim had admitted falsely accusing her boyfriend of rape in the past. The court held that the defendant had a right to present this evidence, and that his constitutional rights under *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), were violated by its preclusion.

In *People v. Vaughn*, 56 Ill.App.3d 700, 14 Ill.Dec. 195, 198, 371 N.E.2d 1248, 1251 (1978), the defendant sought to introduce the testimony of another man that the rape victim had previously threatened him with a rape claim. The court, in upholding the trial court's preclusion of this evidence, said:

> The trial court held that this testimony did not tend to prove that the complainant had ever falsely charged a man with rape but only showed that she had threatened to do so. Without proof that she had filed previous rape charges, this evidence did not prove her propensity to falsely cry rape.

In *People v. Ellison*, 89 Ill.App.3d 1, 44 Ill.Dec. 381, 390, 411 N.E.2d 350, 359 (1980), the court, after the opinion in *McClure, supra,* held that an offer of proof about a prior episode was insufficient, so the evidence was properly excluded.

Another doctrine related to the sufficiency of the proof requires that the prior accusation must be shown to have actually been false, *Little v. State*, 413 N.E.2d 639, 643 (Ind.App.1980), which says the allegations must be "demonstrably false" to be admissible. *And see State v. Nab*, 245 Or. 454, 421 P.2d 388, 391 (1966), which forbids evidence about the prior charges unless "... the prosecutrix had admitted the falsity of the charges or they had been disproved". The same requirement of actual falsity has been adopted in other jurisdic-

tions as well. *See, e.g., People v. Pacheco,* 220 Cal.App.2d 320, 33 Cal.Rptr. 735 (App. 1963); *People v. Sheperd,* 37 Colo.App. 336, 551 P.2d 210 (1976); *State v. Demos,* 94 Wash.2d 733, 619 P.2d 968 (1980).

While Arizona has not had occasion to specifically address this point, it seems very likely the same view has, in essence, already been adopted. *State ex rel. Pope v. Superior Court, supra,* requires the defense theory to be shown to be "credible". *See also State v. Grice,* 123 Ariz. 66, 597 P.2d 548 (App.1979); *State v. Holley,* 123 Ariz. 382, 599 P.2d 835, U.S. cert. denied, 444 U.S. 970, 100 S.Ct. 464, 62 L.Ed.2d 386 (App.1979). The appellant argues that dismissal of this victim's prior claim of rape for lack of probable cause is sufficient proof of its falsity to render it admissible. But as the appellee argues, the dismissal for want of probable cause could have been for reasons other than the insufficiency of the evidence presented. For example, the victim may not have appeared to testify. Precisely this situation was addressed in *People v. Alexander,* 116 Ill.App.3d 855, 72 Ill.Dec. 338, 342, 452 N.E.2d 591, 595 (1983):

> In the present case, the prior accusations of rape were not proved false. One of the prior rape accusations terminated in a finding of no probable cause; the other culminated in two hung juries. The intrinsic veracity of the complainant's accusations should not be confused with the inability of the State to meet its burden of proof for a criminal conviction. There is nothing in the record to support the inference that these charges were unsubstantiated or to show that they were false in any manner. We note that in enacting the rape shield statute, our legislature intended to eliminate the cruel and abusive treatment of rape victims at trial by precluding the admission of irrelevant material concerning the "intimate details of their past sexual activity." [citations omitted] A policy of excluding irrelevant material which potentially may be introduced to harass a complaining witness in a rape case supports the trial court's decision to prohibit intro-

duction of this evidence. The trial court did not err in ruling that evidence of prior rape complaints by the victim are inadmissible where defendant was unable to show that the prior complaints were unfounded.

This is the same reasoning expressed by our supreme court in *Pope, supra.*

■ We believe the offer of proof here lacked sufficient facts to show that the prior charge was unsubstantiated and the trial court properly refused its admission. We also note that another reason given by the trial court for excluding the evidence was the belief that it was too remote. The question of whether a prior incident is too remote must be decided on a case by case basis. However, the evidence shows the victim was only 22 at the time of trial, July 22, 1983. She was born September 14, 1960, so she was only 15 at the time of the prior incident. We believe the trial court could properly have given great weight to this fact in holding the prior charge remote and therefore inadmissible.

### The Hearsay

■ Detective Schnur of the Tucson police sex crimes detail, testified prior to the victim. Over a hearsay objection, he was permitted to relate what the victim told him about the automobile and the building to which she was taken. This conversation occurred at the hospital about two hours after the incident. It was not hearsay because it proved the victim's knowledge, a non-hearsay use. M. Udall & J. Livermore, *Law of Evidence,* § 122(3) (2d ed. 1982). However, while relating what the victim told him, in a lengthy answer, he testified:

> She also said that while she was inside, she had an occasion to use the washroom.

> And while she was in the washroom, she took a paper towel from a roll of paper towels that were on the toilet.

> And she still had that in her possession at the time that I talked to her.

> Q. Did you take that towel from her?

A. Yes, I did.

This was hearsay. The appellant objected to the introduction of a photo of the towel and scientific evidence showing that the towels in the bathroom were of the same type the victim gave the officer.

When the victim testified, she could not remember what she did with the towel. This memory lapse was apparently genuine so she was legally unavailable as a witness on that subject. Rule 804(a)(3), Rules of Evidence, 17A A.R.S.; *State v. Just*, 138 Ariz. 534, 675 P.2d 1353 (App. 1983). Therefore the statement was not admissible as a prior statement of the victim under Rule 801(d)(1). The state argues that the hearsay was nevertheless admissible because it was foundation for the admission of the exhibit. Rule 104(a). The trial court is not bound by the rules of evidence, except privilege, in determining preliminary questions concerning the admissibility of evidence. *See State v. Edwards*, 136 Ariz. 177, 665 P.2d 59 (1983) (hearsay admissible to show good faith effort to locate a witness); *State v. Silva*, 137 Ariz. 339, 670 P.2d 737 (App.1983) (chain of evidence); *State v. Simmons*, 131 Ariz. 482, 642 P.2d 479 (App.1982) (certification of documentary evidence) and *State v. Spratt*, 126 Ariz. 184, 613 P.2d 848 (App. 1980) (unavailability of paraplegic witness shown to permit use of deposition). Neither the rule nor these cases, however, permit the admission of such evidence for the consideration of the jury when it is claimed that the evidence is material or relevant to other contested issues in the case. From the admission of this hearsay, the jury could conclude that the victim was in the building because the towel came from there and the appellant was lying when he testified she was not. This goes beyond a preliminary foundational question.

This does not mean, however, that we must reverse. The evidence that the victim was in the appellant's automobile and in his place of business was overwhelming. The admission of the hearsay, the towel and the scientific comparison (the expert testified there were millions of such towels) was harmless. To begin with, she unhesitatingly identified appellant as her attacker within a few minutes of the crime and again months later at the trial. She was able to guide the police to the building which was the crime scene, even though she had not been told the address to which appellant's vehicle was registered. She recounted nearly encyclopedic details about the interior of the building without being taken inside it by the police all of which were corroborated that same night. She likewise could accurately describe peculiarities of appellant's vehicle though he claimed she had never been in it. Appellant was shirtless and his belt was unbuckled when he was confronted by a plain clothes officer. He claimed that he had undone it in case he had to fight an unknown person behind him. Hasty dressing after the rape is a much more reasonable explanation. The victim said he had taken a $20 bill from her. Such a bill was found on appellant, and was loose in his pocket, not in his wallet. Appellant denied everything, claiming he had never seen the victim before she testified. He did admit to seeing an upset woman in a phone booth whom he tried to give shoes and a purse he supposedly found in the street. This, of course, precisely describes the victim's situation, but he would not agree that she was the woman in the phone booth. Further, despite three different interviews with the police on the night of the arrest, he somehow managed to overlook the phone booth lady while denying he had had any contact with any woman for sometime. On these facts the jury could not have acquitted, regardless of the paper towel evidence, so any error was harmless beyond a reasonable doubt. *State v. Adamson*, 136 Ariz. 250, 665 P.2d 972 (1983).

Affirmed.

HOWARD and HATHAWAY, JJ., concur.