**In Re: Plaintiff: PEOPLE of the State of Colorado,**

v.

**Defendant: Thomas Robert WEISS.**

No. 05SA227.

Supreme Court of Colorado, En Banc.

April 24, 2006.

Don Quick, District Attorney, 17th Judicial District Michael J. Milne, Senior Deputy District Attorney, Brighton, for Petitioner.

David S. Kaplan, Colorado State Public Defender Sarah Quinn, Deputy State Public Defender, Brighton, for Respondent.

HOBBS, Justice.

In this prosecution for sexual assault and incest on a minor, we exercised our original jurisdiction under C.A.R. 21 to review the trial court's admission of evidence concerning the alleged victim's prior reports of sexual assault against persons other than the defendant.[1] The defendant made a motion to pierce the rape shield statute under the history of false reporting provisions of subsections 18–3–407(2) and (2)(a), C.R.S. (2005).[2] Defendant's subsection 18–3–407(2)(b) affidavit in support of the motion asserted that the alleged victim had made a number of false reports of sexual assault against other persons and these reports had not resulted in charges being filed.

Over the prosecution's objection that the offer of proof was insufficient to warrant convening a rape shield hearing under subsection 18–3–407(2)(c), C.R.S. (2005), the trial court convened a hearing and ruled that (1)

1. The prosecution's petition for issuance of a rule to show cause states the following issue:
   Whether the district court abused its discretion and exceeded its jurisdiction when it ruled that the alleged victim's previous sexual assault reports were admissible for the purpose of determining credibility and impeachment, even though those reports were not demonstrably false and thus, were inadmissible under the rape shield statute, C.R.S. § 18–3–407.

2. We cite to the 2005 version of the Colorado statute for rape shield provisions as the statute has not changed materially since the date of the alleged offenses in this case.

the jury was entitled to know the number of times and the circumstances under which the complaining witness had made prior reports of sexual assault and (2) this evidence was admissible to impeach the alleged victim's credibility.

We hold that the defendant's offer of proof was insufficient as a matter of law under the statute to warrant the trial court convening an in camera evidentiary hearing pursuant to subsection 18–3–407(2)(c). To invoke a rape shield hearing, the history of false reporting provisions of the rape shield statute require that the affidavit accompanying the defendant's offer of proof must articulate facts which, if demonstrated at the evidentiary hearing by a preponderance of the evidence, would show that the alleged victim made multiple prior or subsequent reports of sexual assault that were in fact false. An allegation that charges were not brought as a result of other sexual assault allegations is insufficient as a matter of law to warrant the trial court convening an evidentiary hearing under subsection 18–3–407(2)(c).

Accordingly, we make our rule absolute and set aside the trial court's ruling admitting evidence of the alleged victim's prior sexual assault reports.

# I.

The prosecution charged Weiss with sexual assault, pattern of abuse, in violation of section 18–3–405, C.R.S. (2004), a class three. felony; incest, in violation of section 18–6–301, C.R.S. (2004), a class four felony; and sexual assault on a child, in violation of section 18–3–405, C.R.S. (2004), a class four felony.

The information alleged that between April 1, 2002 and May 11, 2002, Weiss subjected C.W., his great-niece who was twelve years old, to sexual contact. Weiss waived his right to a preliminary hearing and pled not guilty. The trial court set the case for trial.

Weiss filed two motions to pierce the rape shield statute pursuant to the false sexual assault reporting provisions of the rape shield act. Based on Jefferson County Social Service records, the first motion alleged that C.W. made a false report about her mother's boyfriend, C.H., because she wanted to live with her father, and that she made a false report against Weiss when she was living with her grandmother and Weiss because she wanted to live with her step-mother.

In support of this motion, the defense investigator's affidavit recited that, in making the false report concerning her mother's boyfriend, she also made false reports concerning her biological father, J.W., and another great-uncle of hers, Weiss's brother, that occurred when she was eight years old. In regard to the report concerning her father, the affidavit's recitation of falsity was that C.W. had said her father was in jail for molesting her and her siblings; whereas he was in jail for forgery and contempt of court, not sexual assault, and no record existed of sexual assault charges being filed against him. In regard to the other great-uncle, the affidavit recited that no charges against him were ever pursued or substantiated. In regard to the mother's boyfriend, the affidavit recited that he had pled guilty to third degree assault.

The affidavit accompanying the motion to pierce the rape shield statute states in full:

I, Alison Christensen, being first duly sworn upon my oath do swear as follows:

1. I am the investigator for the Office of the Colorado State Public Defender who is investigating the above captioned matter for defense counsel Sarah Quinn, Deputy State Public Defender appointed to represent Mr. Weiss in this matter.

2. This case involves an allegation of Sex Assault on a Child, pursuant to C.R.S. § 18–3–405.

3. A report written by Detective Rachel Nunez, indicates that during the interview of [C.W.] regarding this incident, [C.W.] indicated that she had been sexually assaulted by her father [J.W.]. [C.W.] told Wendy Talley, a counselor at the Spot Youth Center that her father was in jail for molesting her and her siblings.

4. [J.W.] is in custody in the Adams County Jail for Contempt of Court and Forgery, not sex assault. Further *I have reviewed GGCC and found no charges of sexual assault against [J.W.].*

5. The report also indicates that [defendant Weiss] resided in the same home as [C.W.] during the time period of these allegations.

6. A report written by Jefferson County Social Worker, Noelle Johnson on May 24, 1999, indicates that on May 22, 1999, [C.W.] made allegations that [her other great-uncle] who was living with her at the time, had sexually abused her. These allegations were made to Ms. Johnson and Wheat Ridge Detective Colleen McGuire during the investigation of allegations of sexual abuse [C.W.] made against her mother's boyfriend [C.H.] The allegations against [C.H.] were also made during the time he was living in the same home as [C.W.] according to Detective McGuire's report.

7. *Detective McGuire's June 2, 1999 report indicates that no charges against [the other great-uncle] were ever pursued or substantiated.*

8. I reviewed the Court records from [C.H.'s] case and he pled guilty to third degree assault on December 2, 1999.

9. All of this information is contained in the discovery provided by the district attorney's office to defense counsel and Social Service records provided to the Court.

(Emphasis added.)

After receiving Social Service records from Adams County, the defense filed a supplemental motion reciting that C.W. had made "at least six more false allegations of sexual assault" against different men and "none of those false allegations resulted in criminal charges." The supplemental motion was not accompanied by an affidavit. As with the first motion, the basis for the allegation of falsity made in the supplemental motion was that no charges had been filed as a result of the reports:

The defense has now reviewed the Social Service records from Adams County. Included in those reports are at least six more false allegations of sexual assault made by [C.W.] against different men. *None of those false allegations resulted in*

*criminal charges* and at least one detective who conducted an investigation into these allegations expressed concern with the veracity and credible of the complaints made by [C.W.].

(Emphasis added.)

In response to the defense request for an evidentiary hearing under the rape shield statute, the prosecution moved to exclude the prior sexual assault reports pursuant to the rape shield statute. The motion was made on the basis that (1) such reports are shielded under the prior sexual conduct provisions of the statute and (2) the defense offer of proof was insufficient, as a matter of law, to warrant a rape shield hearing. Opposing an evidentiary hearing as unwarranted, the prosecution requested a trial court ruling that the defense had the burden of demonstrating the falsity of C.W.'s prior sexual assault reports should an evidentiary hearing be ordered.

The trial court convened a hearing.[3] No witnesses presented testimony at the hearing, although some were under subpoena to attend. As in the motion and supplemental motion for an evidentiary hearing, defense counsel at the hearing alleged that C.W.'s prior reports of sexual assault against others should be admitted because they had not resulted in charges being brought, and C.W. had made the accusations to manipulate parenting time and her Social Services placements. After listening to prosecution and defense counsel, the trial court ruled inadmissible C.W.'s sexual assault report when she was eleven years old against a person named "Dean" because DNA evidence from C.W. linked him to the sexual assault for which he was charged.

In regard to C.W.'s sexual assault report against her mother's boyfriend, Weiss withdrew his request to admit that report because C.H. was charged in that instance.

In regard to C.W.'s statement concerning her father when she was eleven years old, the defense argued that (1) he had not been charged with sexual assault on her; (2) she

---

**3.** It is unclear whether the trial court intended this hearing to be a hearing on an offer of proof or a rape shield evidentiary hearing. Neverthe-

less, we discuss this case in the context of a rape shield hearing as it did result in an order admitting otherwise shielded evidence.

had falsely stated that her father was in prison for sexually molesting her, whereas, he was in jail for different crimes; and (3) a social worker reported that C.W. "intertwined" the accusations against her father with her living situation.

The trial court refused to admit C.W.'s statements concerning the reasons for her father being in prison, because her youth militated against an understanding of the charges against him that resulted in the imprisonment.

Nevertheless, the trial court allowed the defense to introduce evidence at trial that C.W. had made a number of sexual assault reports, based on the defense allegations that she made these reports in order to "manipulate" parenting time and her Social Services placements.

> If, in fact, it's true, that—that certain of these allegations were made, in an attempt to manipulate the placement or manipulate certain of the other individuals that she had contact with, family members, I do think that in this particular case, the piercing of the rape shield statute is important.

Without requiring Weiss to demonstrate the falsity of any of the reports it admitted, the trial court ruled that the defense could pierce the rape shield statute for the limited purpose of introducing the reports as bearing on C.W.'s credibility.

> The issue is to test the credibility of this particular witness, and I do feel that the jury is entitled to know the number and circumstances under which this witness makes these allegations, and I am going to allow the reporting to the department of social services of these particular incidents. I do feel that it is important for—for the jury to know that this witness has made a number of accusations against a number of individuals over an extended period of time, and I am going to, in this particular case, I am going to allow that testimony to be heard by the jury.

In light of this ruling, the prosecution requested to introduce counter evidence in support of C.W.'s credibility. The district court agreed that the prosecution could "bring in the facts that she has made allegations against certain people, not in an attempt to

manipulate, but in fact those allegations may be true."

We issued our rule to show cause in response to the prosecution's C.A.R. 21 petition.

## II.

We hold that the defendant's offer of proof was insufficient as a matter of law under the statute to warrant the trial court convening an in camera evidentiary hearing pursuant to subsection 18–3–407(2)(c). To invoke a rape shield hearing, the history of false reporting provisions of the rape shield statute require that the affidavit accompanying the defendant's offer of proof must articulate facts which, if demonstrated at the evidentiary hearing by a preponderance of the evidence, would show that the alleged victim made multiple prior or subsequent reports of sexual assault that were in fact false. An allegation that charges were not brought as a result of other sexual assault allegations is insufficient as a matter of law to warrant the trial court convening an evidentiary hearing under subsection 18–3–407(2)(c).

### A. Standard of Review

■■■ The proper construction of a statute is a question of law we review de novo. *People v. Cross*, 127 P.3d 71, 73 (Colo.2006); *CLPF–Parkridge v. Harwell Invs.*, 105 P.3d 658, 661 (Colo.2005). Our objective is to effectuate the intent and purpose of the General Assembly. *Lobato v. Indus. Claim Appeals Office*, 105 P.3d 220, 223 (Colo.2005). We read the statute as a whole, giving sensible effect to all of its parts whenever possible. *CLPF–Parkridge*, 105 P.3d at 660. If the statutory language is clear, we apply the plain and ordinary meaning of the provision. *Lobato*, 105 P.3d at 223.

In this case, we construe the "history of false reporting of sexual assault" provisions of subsections 18–3–407(2) and (2)(a) and the "sufficient offer of proof" provision of subsection 18–3–407(2)(c) of Colorado's rape shield act.

## B.

### The Rape Shield Statute

#### 1. Legislative Policy of the Statute

Sexual assault is among the most intimate and personally-devastating invasions a person may experience in his or her lifetime. It typically produces emotionally-destructive reverberations for the victim long after its occurrence. *People v. Bryant*, 94 P.3d 624, 629 (Colo.2004). This can be particularly true when the victim in a child.

Prior to the enactment of rape shield statutes,[4] a typical tactic of defendants in sexual abuse cases was to put the victim's credibility on trial through invoking his or her prior sexual history. As a result, the price of making a sexual assault victim's testimony available to courts of law historically exposed the victim to detailed questioning about his or her prior sexual conduct. *Id.* This discouraged victims from reporting and prosecuting sexual assault. *People v. McKenna*, 196 Colo. 367, 371–72, 585 P.2d 275, 277–78 (Colo.1978).

■ Because sexual assault is a hostile crime of violence and domination calculated to humiliate, injure, and degrade, the General Assembly enacted section 18–3–407, C.R.S. (2005), the rape shield statute. *In re K.N.*, 977 P.2d 868, 874 (Colo.1999). The basic purpose of the statute's public policy is to protect sexual assault victims from "humiliating and embarrassing public fishing expeditions into their past sexual conduct." *McKenna*, 196 Colo. at 371–72, 585 P.2d at 277–78 (internal quotation omitted).

The statute cannot be characterized as either purely substantive and thus entirely within the legislature's power, or purely procedural and thus subject solely to this court's rulemaking power. *Id.*, at 371, 585 P.2d at

277. Rather, it is "mixed" in nature. The statute changed established rules governing admissibility of the kind of evidence with which it deals; it regulates the judicial function of designating the method for determining the relevance and admissibility of evidence. *Id.; see also In re K.N.*, 977 P.2d at 874 (recognizing that the statute alters prior rules governing the admission of the sexual assault complainant's sexual history).

■ The rape shield statute deems the prior or subsequent sexual conduct of any alleged victim to be presumptively irrelevant to the criminal trial. *See Bryant*, 94 P.3d at 631; *People v. Murphy*, 919 P.2d 191, 195, 197 (Colo.1996). The term "prior or subsequent sexual conduct" includes sexual assaults on an alleged victim and prior sexual assault reports by the alleged victim. *People v. Aldrich*, 849 P.2d 821, 824 (Colo.App.1992); *People v. Wilson*, 678 P.2d 1024 (Colo.App. 1983).[5]

The statutory language "history of false reporting of sexual assaults" in subsections 18–3–407(2) and (2)(a) clearly evidences the General Assembly's intent to include prior or subsequent sexual assault reports of the alleged victim within the broader category of prior or subsequent sexual conduct that is deemed to be irrelevant, immaterial, and inadmissible under the rape shield statute, unless the defendant successfully pierces the rape shield act.

#### 2. Rape Shield Statute Exceptions and Mechanisms

■ There are three statutory exceptions to the presumption of irrelevance of prior sexual conduct. § 18–3–407, C.R.S. (2005); *In re K.N.*, 977 P.2d at 872 ("[E]vidence [of a rape victim's sexual conduct] is admissible only through three exceptions explicitly set

---

4. Forty-nine states and the United States Congress have enacted rape shield laws that generally bar admission of evidence of a rape complainant's sexual conduct and set up the rape shield protective mechanism. *See* Denise R. Johnson, *Prior False Allegations of Rape: Falsus In Uno, Falsus In Ominibus*, 7 Yale J.L. & Feminism 243 n. 8 (1995).

5. *See also State v. Johnson*, 102 N.M. 110, 117, 692 P.2d 35, 42 (N.M.App.1984) ("The conten-

tion that prior rape complaints do not involve prior sexual conduct is easily disposed of: the court has determined that the wording of the statute is not limited to sex by consent, rather, its unlimited wording applies to all sexual conduct so that a prior rape is sexual conduct within the meaning of the section .... Therefore, the prior rape complaints concern past sexual conduct and implicate the statute.") (internal citation omitted).

forth in the rape shield statute."). Prior sexual conduct evidence is admissible *only* if: (1) it is evidence of a victim's prior sexual conduct with the accused pursuant to subsection 407(1)(a); (2) it is evidence of specific instances of sexual activity ·showing the source or origin of semen, pregnancy, disease, or any similar evidence pursuant to subsection 407(1)(b); or (3) the defendant makes an offer of proof showing the evidence is relevant to a material issue in the case pursuant to section 18–3–407(2). *People v. Melillo,* 25 P.3d 769, 774 (Colo.2001).

Subsection 18–3–407(2) delineates a carefully crafted judicial mechanism that allows the prosecution and defense, on motion and a sufficient offer of proof stated in an accompanying affidavit under subsections 18–3–407(2)(b) and (c), to explore and argue, in camera, about the relevancy and materiality of evidence tendered to the trial judge for admission at the public trial of the case. *Bryant,* 94 P.3d at 630. The procedures protect the victim's privacy; allow the accused person to explore facts; enable the trial judge to determine in a pretrial hearing what shall be admitted or excluded at trial; and serve the state's interest in prosecuting those accused of sexual assault while affording defendants a fair opportunity to confront their accusers. *Id.,* 94 P.3d at 631.

Thus, the statute sets forth a process by which a defendant may request a court to make an exception to the presumption of irrelevance, immateriality, and inadmissibility of prior sexual conduct and, more specifically in this case, prior or subsequent reports of sexual assault by the alleged victim. The defendant must submit a written motion stating that he or she has an offer of proof of the relevancy and materiality of evidence of specific instances of the victim's false reports of sexual assaults and the motion must be accompanied by an affidavit in which the facts contained in the offer of proof are sufficiently stated. *See* § 18–3–407(2)(a)–(b). Specifically, the statute states in part:

(2) In any criminal prosecution [for sexual assault], *if evidence,* that is not excepted under subsection (1) of this section ... *that the victim or a witness has a history of false reporting of sexual assaults is to be offered at trial,* the following procedure shall be followed:

(a) A written motion shall be made at least thirty days prior to trial, unless later for good cause shown, to the court and to the opposing parties stating that *the moving party has an offer of proof of the relevancy and materiality of ... evidence that the victim or witness has a history of false reporting of sexual assaults that is proposed to be presented.*

(b) *The written motion shall be accompanied by an affidavit in which the offer of proof shall be stated.*

(c) *If the court finds that the offer of proof is sufficient,* the court shall notify the other party of such. *If the prosecution stipulates to the facts contained in the offer of proof, the court shall rule* on the motion *based upon the offer of proof without an evidentiary hearing. Otherwise, the court shall set a hearing to be held in camera prior to trial.* In such hearing, to the extent the facts are in dispute, the court may allow the questioning of the victim or witness regarding the offer of proof made by the moving party or otherwise allow a presentation of the offer of proof, including but not limited to the presentation of witnesses.

. . . .

(e) *At the conclusion of the hearing, ... if the court finds that the evidence proposed to be offered ... is relevant to a material issue to the case, the court shall order that evidence may be introduced and prescribe the nature of the evidence or questions to be permitted. The moving party may then offer evidence pursuant to the order of the court.*

§ 18–3–407(2) (emphasis added).

The key statutory terms we construe and apply in this case are "history of false reporting of sexual assaults," "sufficient offer of proof," "facts contained in the offer of proof," and "evidence that the victim or witness has a history of false reporting of sexual assaults." § 18–3–407(2)(a)–(c).

■ An "offer of proof" typically states: (1) what the anticipated testimony of the witness would be if the witness were permit-

ted to testify concerning the matter at issue; (2) the purpose and relevance of the testimony sought to be introduced; and (3) all the facts necessary to establish the testimony's admissibility. *See* Robert J. Dieter, *Colorado Criminal Practice and Procedure,* § 19.4, at 501 (2004).

In the case before us, we have our first occasion to construe the language "history of false reporting of sexual assaults" contained in subsections 18–3–407(2) and (2)(b) in connection with the "sufficient offer of proof" language of subsection 18–3–407(2)(c). Giving the statutory language its plain and common meaning, the word "history" means "[a]n established record or pattern of behavior." *American Heritage Dictionary of the English Language* 833 (4th ed.2000). The word "false" means "contrary to fact or truth." *Id.* at 638. The legislature used the plural wording "sexual assaults" in connection with the word "history."

We conclude that the plain language of these provisions requires the defense, in its offer of proof affidavit, to articulate facts which, if demonstrated at the evidentiary hearing, would show that the alleged victim made multiple prior or subsequent reports of sexual assault that were in fact false. An allegation that charges were not brought as a result of these sexual assault reports is insufficient as a matter of law to warrant the trial court convening an evidentiary hearing under subsection 18–3–407(2)(c). Only if the prosecution stipulates to the facts contained in the offer of proof may the court rule on the motion based upon the offer of proof without an evidentiary hearing. *See* § 18–3–407(2)(c).

### 3. Required Offer of Proof

Although not in the context of alleged prior false reports of sexual assault, we have previously held that, in order to pierce the rape shield protections, the motion for an in camera evidentiary hearing must be accompanied by an affidavit containing a sufficient offer of proof to warrant the hearing. *See People v. McKenna,* 196 Colo. 367, 374, 585 P.2d 275, 279–80 (Colo.1978) (holding that appellant failed to make the "required offer of proof" where he never indicated "what

past sexual conduct by the victim he hoped to prove, or how her sexual history might be relevant to his defense"); *People v. Murphy,* 919 P.2d 191, 197 (holding that defense made an "insufficient offer of proof" of prior sexual conduct where the evidence was speculative and did not relate a specific instance of homosexual conduct); *People v. Harris,* 43 P.3d 221, 226 (Colo.2002) (holding that evidence of victim's prior sexual history is insufficient where it would only show the defendant did not cause the abrasion, not that the victim consented to her encounter with the defendant); *see also People v. Vialpando,* 804 P.2d 219, 223 (Colo.App.1990) (concluding trial court acted properly by not allowing evidence where the offer of proof provided no reasonable basis in fact).

▮   Although not binding as precedent, we may look to decisions of other jurisdictions for persuasive guidance on matters that are of first impression to us. *Furlong v. Gardner,* 956 P.2d 545, 551–52 (Colo.1998). Decisions of other jurisdictions are in agreement as to the legal insufficiency of offers of proof that posit falsity based upon no charges having been filed as a result of the prior sexual abuse reports.

In *Phillips v. State,* 545 So.2d 221, 221 (Ala.Crim.App.1989), the defendant made an offer of proof that the alleged victim, a thirteen year-old girl, had reported three rapes by her uncle's cousin and rapes by two other persons. The latter two cases had been "nol-prossed or dismissed by the district attorney." *Id.* Reasoning that the prosecution's decision not to proceed "does not represent a determination that the charge lacks legal or factual merit," the court disallowed cross-examination of the complaining witness regarding the prior reports because the "defendant's offer of proof that two prior rape charges had been the subject of nolle prosequi, did not demonstrate the falsity of the charges." *Id.* at 224.

In *State v. Hutchinson,* 141 Ariz. 583, 688 P.2d 209 (Ariz.App.1984), the defendant moved to permit evidence of a prior sexual abuse complaint that was dismissed at the preliminary hearing for lack of probable cause. Observing that "the dismissal for

probable cause could have been for reasons other than the insufficiency of the evidence presented," the court held that the offer of proof lacked sufficient facts to show that the prior charge was unsubstantiated. *Id.*, 141 Ariz. at 587, 688 P.2d at 213.

In *People v. Alexander,* 116 Ill.App.3d 855, 452 N.E.2d 591, 72 Ill.Dec. 338 (1983), the defendant sought to introduce rape charges that the complainant had brought against two men in the past. The first case was tried twice and each trial ended in a hung jury. The second case was dismissed on a finding of no probable cause. Invoking the rape shield statute, the court ruled that the prior rape complaints were inadmissible because defendant was unable to show the prior complaints were unfounded.

> In the present case, the prior accusations of rape were not proved false. One of the prior rape accusations terminated in a finding of no probable cause; the other culminated in two hung juries. The intrinsic veracity of the complainant's accusations should not be confused with the inability of the State to meet its burden of proof for a criminal conviction. There is nothing in the record to support the inference that these charges were unsubstantiated or to show that they were false in any manner. We note that in enacting the rape shield statute, our legislature intended to eliminate the cruel and abusive treatment of rape victims at trial by precluding the admission of irrelevant material concerning the "intimate details of their past sexual activity" .... A policy of excluding irrelevant material which potentially may be introduced to harass a complaining witness in a rape case supports the trial court's decision to prohibit introduction of this evidence. The trial court did not err in ruling that evidence of prior rape complaints by the victim are inadmissible where defendant was unable to show that the prior complaints were unfounded.

*Id.*, 116 Ill.App.3d at 861, 452 N.E.2d at 595, 72 Ill.Dec. at 342.

In *State v. Schwartzmiller,* 107 Idaho 89, 685 P.2d 830 (1984), the defendant sought to introduce evidence that one of two witnesses complaining of sexual abuse had falsely charged another person with having committed similar sex acts. The accused in that case was tried before a jury and found not guilty. Upholding the trial court's ruling excluding the evidence of the prior sexual abuse complaint leading to the not guilty verdict, the appellate court reasoned that

> [a] not guilty verdict, standing by itself, can never be taken to establish that the charges brought were based on false accusations, since one may not be convicted of a crime unless a jury finds beyond a reasonable doubt the guilt of the defendant.... Appellant failed to demonstrate to the trial court or to this Court that the witness' previous allegations of sexual misconduct against another were false. The exclusion of that line of testimony was not error.

*Id.*, at 92, 685 P.2d at 833.

In *Little v. State,* 413 N.E.2d 639 (Ind.App. 1980), the court upheld exclusion of the fourteen year-old complaining witness's statement to a police officer that she had sexual intercourse with eight other men after the incident for which the defendant was charged. The court held that no evidence in the case showed those accusations to be false. *Id.* at 644.

Based on the plain language of Colorado's rape shield statute, our precedent discussed above, and persuasive decisions of other jurisdictions, we hold that our state's rape shield statute deems prior or subsequent reports of sexual assault to be irrelevant, immaterial, and inadmissible as a matter of law in a sexual assault trial against a defendant. To invoke a rape shield hearing to pierce the statute, defendant's motion must be accompanied by an offer of proof under section 18–3–407(2)(b) sufficient to demonstrate, by a preponderance of the evidence, at the in camera evidentiary hearing that the alleged victim made multiple reports of prior or subsequent sexual assault that were in fact false. Because a prosecutor may decline to bring charges for any number of reasons, the fact that sexual assault reports by the victim did not result in charges being brought is not a sufficient offer of proof upon which a trial court may order an evidentiary hearing pursuant to section 18–3–407(2).

Prosecutorial discretion to bring or not bring charges is extraordinarily wide. Many considerations go into deciding whether to file a case and, if filed, whether to continue pursuing it. In sexual assault cases, victims must consider the emotional price they will have to pay in placing their most intimate personal experiences before the public, and prosecutors may be called upon to abandon the case at the victim's insistence or for other strategic reasons. Whatever the reason may be for a case not proceeding, the history of falsity provisions of Colorado's rape shield act require that the defendant must demonstrate multiple prior or subsequent sexual assaults to have been false, by a preponderance of the evidence, at the rape shield hearing; otherwise, they are irrelevant, immaterial, and inadmissible in the case at trial.

## C.

### Application to This Case

In the case before us, the trial court erred in determining that Weiss's offer of proof was sufficient to order a rape shield hearing and, having held the hearing, erred in admitting the evidence of C.W.'s prior sexual assault reports. The offer of proof failed to articulate sufficient facts to show that the other reports were demonstrably false. The affidavit accompanying the motion requesting the trial court to hold a hearing rested on a basis that the other reports had not resulted in the accused persons being charged.

The offer of proof alleged that C.W. had made numerous prior false allegations of sexual assault, and listed the following individuals as the subjects of those allegations: a boy named "Dean", her father, her mother's boyfriend, her great-uncle, three unnamed men, a school friend, and her father's friend "David". Not only did the offer of proof fail to articulate facts of falsity warranting the hearing, when the hearing was held, no evidence was presented to show that any of the prior sexual assault reports C.W. made were in fact false.

The General Assembly intended the sufficient offer of proof provision of subsection 18–3–407(2)(b) to avert evidentiary hearings that would subject the complainant to irrelevant, humiliating, and harassing in camera proceedings, let alone at the public trial. Subsections 18–3–407(2)(a)–(c) which, as a whole, deal with allegations that an alleged victim "has a history of false reporting of sexual assaults" require the defendant to articulate facts in the affidavit accompanying the offer of proof that justify the trial court holding an evidentiary hearing for the purpose of ascertaining whether the alleged victim made multiple sexual assault reports that were demonstrably false. In the words of the statute, the defendant must articulate facts that the alleged victim, "has a history of false reporting of sexual assaults." *See* § 18–3–407(2) & (2)(a).

Understandably, the trial court here was concerned about the defense charge that C.W. made prior false reports to manipulate her parenting time and Social Services placements. However relevant such a motivation might be to the probative value of the evidence under the usual rules of evidence, i.e., C.W.'s motive in making the sexual assault complaint against Weiss, the trial court must first find the prior reports were in fact false. Only then may the trial court consider, in accordance with the normal rules of evidence, whether the false reports are relevant to any issue in defendant's case.

We hold as a matter of law that Weiss's offer of proof was insufficient to convene a rape shield hearing under subsections 18–3–407(2)(b) and (c).

## III.

Accordingly, we make the rule absolute, set aside the trial court's ruling admitting evidence of C.W.'s prior sexual assault reports for the purpose of impeaching her credibility, and return this case to the trial court for further proceedings consistent with this opinion.