NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

TERRANCE THARP, *Appellant.*

No. 1 CA-CR 21-0143
FILED 5-24-2022

Appeal from the Superior Court in Maricopa County
No. CR2019-124244-001
The Honorable Rosa Mroz, Judge *(Deceased)*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jillian B. Francis
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jesse Finn Turner
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Michael J. Brown joined.

---

**T H U M M A**, Judge:

¶1 Defendant Terrance Ja'Bree Tharp appeals his conviction and resulting prison sentence for one count of disorderly conduct, a Class 6 dangerous felony. Because he has shown no error, his conviction and sentence are affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2 In May 2019, Phoenix police officers were dispatched to Tharp's apartment complex after receiving six 911 emergency phone calls about an individual with a gun. Upon arrival, the officers saw Tharp, who matched the descriptions provided by the 911 callers. Tharp was walking in circles around the swimming pool, without a shirt, with two guns in the waistband of his pants. The officers ordered Tharp to the ground, and he complied. When conducting a search, the officers found two guns and four loaded magazines. The officers then arrested Tharp.

¶3 Officers interviewed a witness at the scene who said that Tharp had "pointed the gun at [him] . . . [and] told [him] to leave." Another witness reported seeing Tharp walking around the pool carrying the guns but did not see Tharp point the gun at anyone.

¶4 The State charged Tharp with aggravated assault, a Class 3 felony, and disorderly conduct, a Class 6 felony. Both offenses were charged as dangerous felonies. At trial, the State called five witnesses. As relevant here, during direct examination of a responding officer who interviewed the victim (who said Tharp pointed a gun at him), the following exchange took place:

> [Prosecutor] Q. Did you do anything else in this investigation?
>
> [Officer] A. I also collected information on the – on the [victim's family members], as they were visiting from Texas.
>
>     . . .
>
> Q. Was this male? Female?
>
> A. I don't recall.
>
> Q. Do you know if it was older than [the victim].
>
> A. They were younger.
>
> Q. They were younger?
>
> A. Yes.
>
> Q. Okay. To your knowledge, what was their involvement in this?
>
> A. They're the ones who went to go get [the victim]. ***The suspect originally pointed the gun at them***.
>
> Q. Well, without—

(Emphasis added.) Tharp's counsel immediately objected and moved to strike the testimony. The superior court sustained the objection, granted the motion to strike and instructed the jury that it "must not consider [the] testimony for any purpose." Direct, cross- and re-direct examination of the officer occurred without further reference to the statement.

¶5 The jury submitted the following question to be asked of the officer: "Do you recall any other witnesses making the same claim [the victim] did in regards to pointing a gun at anyone?" Counsel and the court agreed that the question would not be asked.

¶6        At the end of the trial day, outside the jury's presence, Tharp's counsel asked to have the evening to research whether to seek a mistrial based on the officer's stricken testimony. The next day, Tharp orally moved for a mistrial, arguing that the statement "influenc[ed] the jury" and caused "extreme prejudice." After hearing argument, the court denied the motion, noting that while the statement did present "to the jurors matters that they would not be justified in considering in deciding their verdict . . . [the court] immediately struck the comment and instructed [the jury] to disregard" it. The court added that the statement was a "very fleeting reference that was immediately objected to" and would not influence the jury.

¶7        After the close of evidence (including Tharp testifying on his own behalf) and closing arguments, the jury found Tharp not guilty of aggravated assault but guilty of disorderly conduct. The court later sentenced Tharp as a dangerous offender to a less than presumptive prison term of 1.6 years, with 551 days of presentence incarceration credit. This court has jurisdiction over Tharp's timely appeal pursuant to Article 6, Section 9 of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) §§ 12-120.21(A)(1), 13-4031 and 13-4033(A) (2022).[1]

## DISCUSSION

¶8        Tharp argues the superior court erred in denying his motion for mistrial because "[i]t was . . . impossible for [the officer's statement] to have not affected the jury" based on his testimony that Tharp "originally pointed the gun at" the victim's younger family members. "'[T]he granting of a mistrial is an extreme remedy, it may and should be declared only as a result of some occurrence . . . of such a character that it is apparent to the court that because of it one of the parties cannot have a fair trial, or where further proceedings would be productive of great hardship or manifest injustice.'" *State v. Kleinman*, 250 Ariz. 362, 365 ¶ 12 (App. 2020) (citation omitted). Recognizing the superior court is in the best position to determine the effect of testimony by a witness, this court reviews the denial of a motion for mistrial for an abuse of discretion. *State v. Koch*, 138 Ariz. 99, 101 (1983). A court is required to grant a mistrial only when improper testimony is so prejudicial that it is likely to lead the jurors to convict a defendant that they otherwise would have acquitted. *See State v. Prince*, 204 Ariz. 156, 160 ¶ 20 (2003). Otherwise, the appropriate remedy is to strike the improper

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

testimony and instruct the jury to disregard it, *State v. Herrera*, 203 Ariz. 131, 135 ¶ 8 (App. 2002); *State v. Jones*, 197 Ariz. 290, 305 ¶ 34 (2000).

¶9        Tharp has not shown the superior court abused its discretion in denying his motion for mistrial. The court properly recognized that the jury should not have heard that Tharp purportedly pointed the gun at the victim's family. As noted by the court, the improper statement was "fleeting" and unsolicited. The court immediately sustained Tharp's objection, granted his motion to strike, struck the testimony and instructed the jury to disregard it. *See, e.g.*, *Greer v. Miller*, 483 U.S. 756, 764 n.5 (1987) ("[T]he proper and immediate action by the trial court . . . indicates that [the defendant's] postarrest silence was not used against him . . . "). Jurors are presumed to follow the court's instructions. *See State v. Newell*, 212 Ariz. 389, 403 ¶ 69 (2006). The court could reasonably conclude that these prompt corrective measures were sufficient to remedy any potential prejudice.

¶10        Tharp argues that the jury failed to follow the superior court's instruction. He asserts that the juror question, which the court did not ask, "[c]learly [shows] the jurors were seeking information on whether anyone could verify [the victim's] testimony." That may have been the case. But a jury seeking further evidence relevant to a charged offense is not objectionable. Moreover, the juror's question about the victim's testimony is different than the objectionable statement by the officer.

¶11        Tharp further contends that the officer's statement affected the jurors because "no other witness repeated or verified [the victim's] accusations" including another testifying witness who was "watching almost the entire time and did not witness what [the victim] described." The jury, however, properly weighs and assesses competing evidence and makes credibility determinations. *State v. Lehr*, 201 Ariz. 509, 517 ¶ 29 (2002) (citing cases). Although the jury was not bound to accept the victim's testimony, it did so here. And Tharp has not shown how the objectionable statement by the officer (which addressed whether there were other possible victims) required the jury to improperly assess testimony by the victim about Tharp's conduct directed at the victim.

**¶12**        Tharp has not shown that the officer's improper testimony deprived him of a fair trial. The evidence properly presented at trial amply supports the guilty verdict on disorderly conduct. The record does not support Tharp's argument that the jury was confused or influenced by the stricken testimony, particularly given the not guilty verdict on the aggravated assault charge. Moreover, given the prompt corrective measures taken by the court and the substantial evidence of guilt, Tharp has not shown the court abused its discretion in denying his motion for mistrial. *Koch*, 138 Ariz. at 101.[2]

**CONCLUSION**

**¶13**        Tharp's conviction and resulting sentence are affirmed.



AMY M. WOOD • Clerk of the Court
FILED:    AA

---

[2] Citing *State v. Hutchinson*, 141 Ariz. 583, 588 (App. 1984), Tharp argues that "[w]hether the introduction of inadmissible hearsay requires reversal is based on a harmless error analysis." But whether harmless error applies in such a situation is more nuanced. "When an issue is raised *but erroneously ruled on by the trial court*, this court reviews for harmless error." *State v. Bible*, 175 Ariz. 549, 588 (1993) (emphasis added); *accord State v. Teran*, No. 1 CA-CR 21-0148, 2022 WL 1146355, at *4 ¶ 25 (Ariz. Ct. App. Apr. 19, 2022 (same); *State v. Coghill*, 216 Ariz. 578, 585 ¶ 28 (App. 2007) (same). Tharp has shown no erroneous ruling by the superior court, meaning harmless error does not apply.